IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR MIDWEST BANK AND TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JAMES J. GIANCOLA; JEROME JAY FRITZ a/k/a J.J. FRITZ; ANGELO A. DIPAOLO; BARRY I. FORRESTER; ROBERT J. GENETSKI; GERALD F. HARTLEY; HOMER J. LIVINGSTON, JR.; JOSEPH R. RIZZA; EGIDIO V. SILVERI a/k/a E.V. SILVERI; LEON WOLIN; THOMAS A. CARAVELLO; SHELDON BERNSTEIN; THOMAS H. HACKETT; MARY M. HENTHORN; KELLY J. O'KEEFFE; BROGAN M. PTACIN; JOHN S. SPEAR; and WILLIAM H. STOLL,<br><br>Defendants. | Case No. 13-cv-03230<br><br>Judge Joan Gottschall |

**CERTAIN DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6) Defendants Thomas Caravello, Sheldon Bernstein, Thomas Hackett, Mary Henthorn, , John S. Spear, William Stoll, James J. Giancola, Angelo A. DiPaolo, Barry Forrester, Robert Genetski, Gerald Hartley, Homer Livingston, Joseph Rizza, Eglidio V. Silveri, and Leon Wolin ("Defendants") respectfully move to dismiss all counts of the Complaint for failure to state a claim. The grounds supporting this motion are set forth below and in the accompanying memorandum.

    1.    The negligence claims in Counts II and V should be dismissed as duplicative.

1

2. The negligence and breach of fiduciary duty claims against the former directors of Midwest Bank and Trust Company ("Midwest" or "the Bank") in Counts II, III, V, and VI should be dismissed because they are barred by the Illinois Banking Act and the Bank's Amended Charter. Accordingly, those Counts should be dismissed entirely as to Defendants DiPaolo, Forrester, Genetski, Hartley, Livingston, Rizza, and Silveri, who only served as directors, and as to Defendants Giancola as to his role as director.

3. The negligence and breach of fiduciary duty claims in Counts II and III should be dismissed for failure to plead a plausible claim for relief because they do not plead facts sufficient to overcome the business judgment rule, which protects the loan decisions made by all Defendants.

4. The negligence and breach of fiduciary duty claims in Counts V and VI should be dismissed for failure to plead a plausible claim for relief because they do not plead facts sufficient to overcome the business judgment rule as to decisions made by Defendants regarding the Bank's investment in preferred stock issued by the Federal Home Loan Mortgage Corporation and the Federal National Mortgage Association.

5. The negligence, breach of fiduciary duty and gross negligence claims in Counts I through VI should be dismissed because the Complaint fails to plead facts sufficient to state a plausible claim for relief.

WHEREFORE, for the foregoing reasons, and because the FDIC has conducted a full investigation, the Complaint should be dismissed with prejudice.

July 15, 2013                                   Respectfully submitted,

                                                s/_____
                                                  Jeffrey R. Tone

                                                Nancy A. Temple
                                                John M. George
                                                Jeffrey R. Tone
                                                Katten & Temple LLP
                                                542 S. Dearborn St, 14th Floor
                                                Chicago, IL 60605
                                                (312) 663-0800

                                                Attorneys for Defendants Thomas Caravello, Sheldon Bernstein, Thomas Hackett, Mary Henthorn, John S. Spear, William Stoll, James J. Giancola, Angelo A. DiPaolo, Barry Forrester, Robert Genetski, Gerald Hartley, Homer Livingston, Joseph Rizza, Eglidio V. Silveri, and Leon Wolin

3