IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL DEPOSIT INSURANCE,  )
CORPORATION, as Receiver for )
Midwest Bank and Trust Company, )
                             )
    Plaintiff,               )
                             )   No. 13 C 3230
vs.                          )
                             )   Magistrate Judge Schenkier
James J. Giancola *et al.*,    )
                             )
    Defendants.              )

## MEMORANDUM OPINION AND ORDER

Defendants have moved to compel Plaintiff Federal Deposit Insurance Corporation, as Receiver for Midwest Bank and Trust Company ("FDIC-R"), to produce a witness to testify pursuant to Federal Rule of Civil Procedure 30(b)(6) (doc. # 116). FDIC-R objects to the motion, arguing that the proposed matters for examination set forth in Defendants' Second Amended Notice of Rule 30(b)(6) Deposition ("Second Amended Notice") are overbroad and unduly burdensome (doc. # 125). We conclude that Defendants are entitled to have FDIC-R designate a Rule 30(b)(6) witness to testify as to the proposed matters for examination. FDIC-R shall produce such a witness on or before October 30, 2015.

I.

This case arose when FDIC-R sued various former directors and officers of Midwest Bank & Trust Co. ("Midwest"), alleging negligence, gross negligence, and breach of fiduciary duty with respect to six specific loans, and asserting damages in excess of $128 million (doc. #1). In connection with the parties' discovery, Defendants sent FDIC-R a letter on April 17, 2015 that included a Rule 30(b)(6) Notice of Deposition and a Topics of Examination list

identifying eight areas of examination (doc. #117: Defs.' Mem. in Supp. Mot. Compel Rule 30(b)(6) Dep. ("Defs.' Mem."), at Exh. A). FDIC-R objected to the scope of the examination topics, and thereafter Defendants twice amended the Rule 30(b)(6) notice, culminating in their Second Amended Notice.

Defendants' Second Amended Notice identifies 17 topics for examination. Each of the 17 topics seeks facts supporting FDIC-R's allegation that Defendants were negligent relative to a specific loan. For instance, topic number one asks for a witness to testify as to "facts of which the FDIC-R is aware that support its allegation that Defendants were negligent with respect to approving Midwest Bank's $5 million loan to Michael Schwendener as alleged in paragraph 44 of the Complaint" (doc. # 117, Exh. E, ¶ 1). The 16 other topics similarly seek factual support regarding Defendants' alleged negligence as to specific loans. All told, Defendants seek information as to the FDIC-R's allegations in paragraphs 44, 47, 50, 54, 60, 66, 70, 74, 75, 78, 83, 84, 88, 89, and 104-115 of Defendants' Complaint (doc. # 117, Exh. E).

FDIC-R maintains that the Second Amended Notice exceeds Rule 26(b)(2)(C)'s limitations on the extent of fact discovery and seeks improperly to intrude on protected work-product or expert opinions (doc. # 125: FDIC-R's Mem. in Opp. Mot. Compel ("FDIC-R's Mem.") at 13-14). Defendants, conversely, argue that FDIC-R is obligated to prepare and present a witness for deposition on liability-related topics (Defs.' Mem. at 7). In support of their respective positions, the parties have briefed the matter by analyzing various cases bearing on the permissible scope of Rule 30(b)(6) depositions. After reviewing these cases and examining each side's position, we conclude that Defendants should be permitted to depose FDIC-R on the proposed matters for examination set forth in their Second Amended Notice.

## II.

Federal Rule of Civil Procedure 30(b)(6), which controls the issues before us today, states in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Rule 30(b)(6) is intended to streamline the discovery process. *SmithKline Beecham Corp. v. Apotex Corp.*, No. 98 C 3952, 2000 WL 116082, at *8 (N.D. Ill., Jan. 24, 2000). "The effect of the rule is to place upon the business entity the burden of identifying witnesses who have knowledge responsive to subjects requested in the Rule 30(b)(6) requests of its opponent." *Id.* The Rule is also "designed to prevent business entities from 'bandying,' [which is] the practice of presenting employees for their deposition who disclaim knowledge of facts known by other individuals within the entity." *Id.* The designating party has a duty to prepare the witness to testify on matters not only known by the deponent, but also as to those that should be reasonably known by the designating party. *See* Fed. R. Civ. P. 30(b)(6) ("The persons so designated shall testify as to matters known or reasonably available to the organization"); *Alexander v. F.B.I.*, 186 F.R.D. 148, 152 (D.D.C. 1999).

Rule 30(b)(6) does not specifically prescribe what may be asked of a deponent. However, many courts are in agreement that "[o]nce the witness satisfies the minimum standard [for serving as a designated witness], the scope of the deposition is determined by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *Boyer v. Reed Smith, LLP*, No. C12-5815 RJB, 2013 WL 5724046, at *2 (W.D.

3

Wash., Oct. 21, 2013); *see also Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367 (N.D. Cal. 2000); *U.S. EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432-34 (D. Nev. 2006); *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995) ("Rule 30(b)(6) should not be read to confer some special privilege on a corporate deponent responding to this type of notice").[1]

That being said, courts are not aligned on whether parties may use Rule 30(b)(6) depositions to investigate underlying legal claims and theories. *See Milwaukee Elec. Tool Corp. v. Chervon North America, Inc.*, No. 14-CV-1289-JPS, 2015 WL 4393896, at *4 (E.D. Wisc., July 16, 2015) (comparing cases); *SmithKline Beecham*, 2000 WL 116082 at *8 (noting that "the recipient of a Rule 30(b)(6) request is not to have its counsel muster all of its factual evidence to prepare a witness to be able to testify regarding a defense or claim"); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) (denying discovery request seeking "defendants' mental impressions, conclusions, opinions, and legal theory" under the guise of "facts"); *Caesars Entm't*, 237 F.R.D. at 432–34 (denying defendant's request for a protective order seeking to limit the scope of Rule 30(b)(6) deposition questioning to prevent inquiry into the factual bases for defendant's asserted position statements and affirmative defenses).

Reflective of this lack of unanimity among the courts are numerous cases raised and discussed in great detail by the parties, with each party asserting that the cases bolster its respective position. One such case is *SmithKline Beecham*, 2000 WL 116082 at *9-10, a patent infringement case in which the court deemed certain of the plaintiff's Rule 30(b)(6) topics of examination to be overbroad and duplicative of other discovery responses. Another case is

---

[1] Defendants argue that the proper way for FDIC-R to raise objections to the scope of the Rule 30(b)(6) deposition is to proceed first with the deposition and then seek court intervention, if necessary, following the deposition (Defs.' Mem. at 5). The Court rejected this argument at the July 14, 2015 status hearing (doc. # 119).

*FDIC v. 26 Flamingo, LLC*, No 2:11-cv-01936-JCM-NJK, 2013 WL 2558219, at *6 (D. Nev., June 10, 2013), wherein the court concluded that FDIC was "not relieved of its obligations to designate a Rule 30(b)(6) deponent simply because it is a bank's receiver, but its lack of pre-failure involvement does bear on the reasonableness of the deposition topics related to pre-failure transactions." A third is *FDIC v. Brudnicki*, No. 5:12-cv-00398-RS-GRJ, 2013 WL 5814494, at *3 (N.D. Fla., Oct. 29, 2013), wherein the court concluded that while the defendant had the right to ask questions of a Rule 30(b)(6) deponent regarding the FDIC's answers to contention interrogatories, this did not mean that the FDIC was "required to under-take an exhaustive investigation to obtain information that it does not know and does not have access to because of its lack of involvement with the failed bank." We have read carefully through each of these cases and conclude that they do little to handily resolve the dispute in this case; rather, they merely drive home the point that the factual nuances of each case are what guide the courts. *See South Louisiana Ethanol, LLC v. Fireman's Fund Ins. Co.*, Nos. 11-2715, 12-0379, 2013 WL 1196604, at *6 (E.D. La., Mar. 22, 2013) (noting the "strong advocacy for 'case by case' adjudication of discovery disputes").

### III.

We now consider whether, in the context of this case, FDIC-R should be required to produce a Rule 30(b)(6) witness to testify about the 17 matters specified in the Second Amended Notice. For the reasons set forth below, we conclude that it should.

*First*, the 17 matters for examination are neither excessively burdensome, nor so broadly framed as to require FDIC-R to "muster all the evidence and devote enormous time and resources to educate a corporate designee to be essentially able to present the FDIC-R's case in chief" (FDIC-R's Mem. at 1). FDIC-R filed a 65-page complaint comprised of 159 paragraphs

5

that collectively allege damages in excess of $128 million stemming from Defendants' alleged negligent treatment of certain target loans. Defendants seek Rule 30(b)(6) testimony as to the facts underlying 28 of those paragraphs. We see no good reason to insulate FDIC-R from providing a representative to speak to these serious allegations—which are allegations that the FDIC-R chose to make.

*Second*, we are not persuaded that, as FDIC-R argues, Defendants' request for this information is tantamount to requiring FDIC-R to present its case in chief—as was found in *Integra Bank Corp. v. Fidelity and Deposit Co.*, 3:11-cv-00019-RLY-WGH, 2014 WL 109105 (S.D. Ind., Jan. 10, 2014). In *Integra*, in relevant part, plaintiff Integra Bank sought a Rule 30(b)(6) deponent who could testify as to the factual basis for the allegations in FDIC's complaint, *including, but not limited to,* FDIC's allegations in 22 distinct paragraphs. *Id.* at *3. The court upheld the magistrate judge's finding that this topic, through its open-endedness, required a response that "would be tantamount to the FDIC putting on its case in chief." *Id.*; *see also Tri-State Hosp. Supply Corp. v. U.S.*, 226 F.R.D. 118, 125 (D.D.C. 2005) (finding that the language "including but not limited to" is overbroad when identifying a Rule 30(b)(6) topic). Defendants here have avoided the "including, but not limited to" pitfall by omitting this expansive language, enumerating specific allegations, and identifying the loans they wish to discuss with the FDIC-R's designee.

*Third*, the fact that the information sought involves events that occurred prior to FDIC-R's involvement with Midwest is not persuasive. FDIC-R's lack of involvement with Midwest prior to its failure does not, without more, obviate its obligation to designate a Rule 30(b)(6) deponent. *See F.D.I.C. v. Wachovia Ins. Servs., Inc.*, No. 3:05 cv 929 (CFD), 2007 WL 2460685, at *2 (D. Conn., Aug. 27, 2007).

6

We are mindful that the information available to FDIC-R as to Midwest may be affected by the fact that it had no involvement with the bank prior to its failure. *See Wachovia*, 2007 WL 2460685 at *3 (FDIC's "lack of pre-failure involvement with [the bank in receivership] does bear on the reasonableness of the scope of the discovery that has been requested"). Accordingly, we find—as noted in *Brudnicki*—that FDIC-R "is [not] required to undertake an exhaustive investigation to obtain information that it does not know and does not have access to because of its lack of involvement with the failed bank." 2013 WL 5814494 at *3. Rather, FDIC-R's Rule 30(b)(6) deponent is required only to testify as to "reasonably available" facts, and not as to "expert opinions and conclusions about how and why Defendants' behavior may have fallen below the standard of care for bank directors and officers." *Id.*; *see also Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, No. 09–cv–3983, 2011 WL 6318605, *4 (N.D. Ill., Dec. 15, 2011) (under Rule 30(b)(6), "a corporation is required to educate its designee concerning all 'reasonably available' information, even if such information is not within the knowledge of the corporation's current employees"). But, that does not absolve FDIC-R from the duty to present a witness to testify about the factual allegations that FDIC-R— after a lengthy investigation—chose to make.

*Fourth*, the fact that FDIC-R has provided substantial other discovery likewise does not render a Rule 30(b)(6) deposition duplicative. *See Tri-State Hospital*, 226 F.R.D. at 125-26 (finding that "the fact that information has been provided to plaintiff concerning a particular [discovery] category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition"). While FDIC-R says it has produced a million documents, Defendants are entitled to know which of them FDIC-R says supports the assertions that are the subject of the Rule 30(b)(6) notice. *See 26 Flamingo*, 2013 WL 3975006 at *7. While FDIC-R has answered

interrogatories, they are not generally a substitute for the development (and testing) of answers that can be obtained through a deposition.

*Fifth*, we disagree with FDIC-R's contention that Defendants, through the matters for examination, seek expert opinions and strive to invade work-product. FDIC-R's designee is required only to speak of facts "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6); *Brudnicki*, 2013 WL 5814494 at *3; *Boyer*, 2013 WL 5724046 at *3-4. He or she is not required to be prepared to speak as to expert opinions and conclusions regarding, for example, Defendants' adherence, or lack thereof, to various standards of care. Further, FDIC-R has not suggested how exactly the topics queued up for discussion would necessarily reveal the thinking and strategy of counsel. Parties routinely answer interrogatories asking for the basis of an allegation, without that being considered an invasion of the attorney client privilege or work product doctrine. We see no reason that having a witness provide that sort of information in a deposition should lead to a different conclusion.

## CONCLUSION

For the foregoing conclusions, we grant Defendants' Motion to Compel Rule 30(b)(6) Deposition of the FDIC-R (doc. # 116). We order FDIC-R to produce a witness (or witnesses) to testify as to the matters for examination set forth in Defendants' Second Amended Notice of Rule 30(b)(6) Deposition by October 30, 2015.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: September 18, 2015**

8